GUNNAR GUNDERSEN, Esq.
California Bar No. 257350
Gundersen and Gundersen, LLP
5000 Birch Street, West Tower, Suite 3000
Newport Beach, California  92660
(949) 467-9299
E-MAIL — gunnar.gundersen@gundersen-law.com

W. JAMES YOUNG, Esq.*
BYRON S. ANDRUS, Esq.*
c/o National Right to Work Legal
       Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia  22160
(703) 321-8510
FACSIMILE — (703) 321-9319
E-MAIL — wjy@nrtw.org
       — bsa@nrtw.org

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| DEREK A. GUPPY, <br><br>     Plaintiff, <br><br> v. <br><br> CITY OF LOS ANGELES; RON GALPERIN, CONTROLLER, CITY OF LOS ANGELES; LOS ANGELES/ORANGE COUNTY BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL-CIO; AND LOCAL 45, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, <br><br>     Defendants. | CASE NO. _____ <br><br> **PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES** |

## I. PRELIMINARY STATEMENT

1.     This is a civil rights action pursuant to 42 U.S.C. § 1983, seeking declaratory, injunctive, and monetary relief brought by a public employee against his exclusive bargaining representative and his public employer.  It seeks to redress and

prevent the deprivation under color of the Meyers-Milias-Brown Act, CAL. GOVT. CODE § 3500 *et seq.*, and a Memorandum of Understanding ("MOU") between Plaintiff's exclusive bargaining representative and his public employer, of Plaintiff's rights, privileges, and immunities under the First, Fifth, and Fourteenth Amendments of the United States Constitution.  Pursuant to the "Agency Shop" sections of their MOU, Defendants have deprived, and continue to deprive, Plaintiff of his constitutional rights, by forcing him to pay compulsory union fees.  Specifically, the Los Angeles/ Orange County Building and Construction Trades Council, AFL-CIO ("the Trades Council"), and the International Brotherhood of Electrical Workers, Local 45 ("Local 45"), acting in concert with the City of Los Angeles ("City"), pursuant to the Meyers-Milias-Brown Act, CAL. GOVT. CODE § 3502.5, require Plaintiff (and similarly-situated employees) to maintain membership in Local 45, or to pay an amount of dues or fees unilaterally determined by Local 45 and its various state and national affiliates — which the City has seized and continues to seize from Plaintiff for the benefit of Local 45 notwithstanding his resignation from union membership — is used for the union's political, ideological, and other nonbargaining activities, in violation of the Supreme Court's definitive ruling that such arrangements violate nonmember's First and Fourteenth Amendment rights under *Janus v. AFSCME*, 137 S.Ct. ___, 2018 WL 3129785 (27 June 2018).  Alternatively, the compulsory dues or fees taken from Plaintiff exceed the amount permitted by the First, Fifth, and Fourteenth Amendments. Defendant Local 45 and the City, acting under color of their MOU, have denied Plaintiff his right to refuse to pay for that portion of the dues or fees to which he objects.  *Teachers Local No. 1 v. Hudson*, 475 U.S. 292 (1986).

2.     For these reasons, Plaintiff asks this Court:

a.     For a declaration that the forced-unionism provisions of the Meyers-Milias-Brown Act, CAL. GOVT. CODE § 3502.5, are null and void and violate the First, Fifth, and Fourteenth Amendments' rights to association, self-organization, assembly, petition, and freedoms of speech, thought, and conscience;

b.      For a declaration that the "Agency Shop Fees – Payroll Dues Deductions" provisions, Article 2.8, in Defendants' MOU, as applied, are null and void and violate the First, Fifth, and Fourteenth Amendments' rights to association, self-organization, assembly, petition, and freedoms of speech, thought, and conscience;

c.      Alternatively, for a declaration that Defendants have violated Plaintiff's constitutional rights to association, self-organization, assembly, petition, and freedoms of speech, thought, and conscience because Defendants refused to provide to him adequate notice and procedures to provide the opportunity to vindicate his objection to the payment of that portion of Local 45's and its affiliates' dues expended for their political, ideological, and other nonbargaining activities.

d.      To restrain Defendants and those working in concert with them from engaging in, and continuing to engage in, the wrongful and unlawful conduct violative of Plaintiff's constitutional rights;

e.      For a monetary judgment in, or equitable restitution of, the dues or fees taken from Plaintiff, together with appropriate interest, subsequent to his resignation from union membership; and

f.      For attorneys' fees, pursuant to 42 U.S.C. § 1988, and any other appropriate relief.

## II.  Jurisdiction and Venue

3.      This action arises under the Constitution and laws of the United States, particularly the First, Fifth, and Fourteenth Amendments to the United States Constitution.  The jurisdiction of this Court, therefore, is invoked under 28 U.S.C. § 1331.

4.      This is also an action under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges

1   and immunities secured to Plaintiff by the Constitution of the United States, particularly

2   the First, Fifth, and Fourteenth Amendments thereto.  The jurisdiction of this Court,

3   therefore, is invoked under 28 U.S.C. § 1343.

4          5.      This is also a case of actual controversy where Plaintiff is seeking a

5   declaration of his rights under the Constitution of the United States.  Under 28 U.S.C.

6   §§ 2201 and 2202, this Court may declare the rights of Plaintiff and grant further

7   necessary and proper relief based thereon, including preliminary and permanent

8   injunctive relief, pursuant to Rule 65, FED.R.CIV.P.

9          6.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in this Court because

10   Defendants either reside and/or have offices and conduct their business in the judicial

11   district of the United States District Court for the Central District of California.

12

13                              III.  PARTIES

14          7.      Plaintiff Derek A. Guppy is, and was at all times mentioned herein, an

15   individual employed by the City.  As such, he is a "public employee" within the

16   meaning of the Meyers-Milias-Brown Act, CAL. GOVT. CODE § 3501(d).  Plaintiff is in

17   the Building Trades Rank and File Representation Unit (MOU #2) represented by

18   Defendants Trades Council and/or Local 45.  Plaintiff is not a member of Defendants

19   Trades Council and/or Local 45, having resigned his membership in Local 45 by a letter

20   dated 10 February 2016.

21          8.      Defendant City of Los Angeles (hereinafter "City") is a "public agency"

22   within the meaning of the Meyers-Milias-Brown Act, CAL. GOVT. CODE § 3501(c).  As

23   such, the City is authorized to enter into agreements governing the terms and conditions

24   of Plaintiff's employment, including so-called "organizational security" agreements,

25   with a labor organization which has been certified as the employees' exclusive

26   representative for purposes of collective bargaining, such as The Trades Council and/or

27   Local 45.

28          9.      Defendant Ron Galperin is the Controller of the City.   As such, he is

1   charged with the responsibility of issuing wages to employees of the City and/or its

2   Departments, including Plaintiff, and processing all deductions therefore, including for

3   union dues and so-called "fair share" fees pursuant to "agency shop" agreements.  He is

4   sued in his official capacity.

5         10.    Defendant Los Angeles/Orange County Building and Construction Trades

6   Council, AFL-CIO ("the Trades Council") is a "labor organization" as defined CAL.

7   GOVT. CODE § 3501(a) and has been recognized as the exclusive representative under

8   said law for collective bargaining purposes of all employees in the the Building Trades

9   Rank and File Representation Unit (MOU #2) .  The Trades Council conducts business

10  and operations within the State of California and within the Central District of

11  California.  On information and belief, the Trades Council is an unincorporated

12  association formed and existing under the laws of the State of California, and maintains

13  it offices at 1626 Beverly Boulevard, Los Angeles, California  90026.  Upon

14  information and belief, Defendant Trades Council is affiliated with and pays monies to,

15  *inter alia*, the American Federation of Labor-Congress of Industrial Organizations.

16        11.    Defendant International Brotherhood of Electrical Workers, Local 45

17  ("Local 45") is a "labor organization" as defined CAL. GOVT. CODE § 3501(a) and has

18  been recognized as the exclusive representative under said law for collective bargaining

19  purposes of all employees in the relevant bargaining unit.  Local 45 conducts business

20  and operations within the State of California and within the Central District of

21  California.  On information and belief, Local 45 is an unincorporated association

22  formed and existing under the laws of the State of California, and maintains it offices at

23  6350 Laurel Canyon Boulevard., Suite 350, North Hollywood, California  91606.  Upon

24  information and belief, Defendant Local 45 is affiliated with and pays monies to, *inter*

25  *alia*, the Trades Council, the International Brotherhood of Electrical Workers, and the

26  American Federation of Labor-Congress of Industrial Organizations.

27

28

## IV. CAUSE OF ACTION

12.     Acting in concert under color of state law, to-wit, the Meyers-Milias-Brown Act, CAL. GOVT. CODE § 3500 *et seq.*, the Trades Council and Local 45 entered into an MOU with the City controlling the terms and conditions of Plaintiff's (and others') employment.  Relevant portions of the MOU effective by its terms from 1 July 2015 to 30 June 2018 are attached hereto and incorporated herein as Exhibit A.

13.     Purportedly pursuant to the CAL. GOVT. CODE § 3502.5, the two agreements ("Agreements") contain an "Agency Shop Fees – Payroll Dues Deductions" article, which provides in pertinent part that:

A.     DUES/FEES

1.     a.     Each permanent employee* in this unit (who is not on an unpaid leave of absence) shall, as a condition of continued employment, become a member of the Union, or pay the Union a service fee in an amount not to exceed periodic dues, and general assessments of the Union for the term of this MOU. Such amounts shall be determined by the Union and implemented by - Management in the first payroll period which starts 30 days after written notice of the new amount is received by the Controller.
****

b.     Notwithstanding any provisions of Article 2, Section 4.203 of the Los Angeles Administrative Code (hereinafter "LAAC") to the contrary, during the term of this MOU, payroll deductions requested by employees in this Unit for the purpose of becoming a member and/or to obtain benefits offered by any qualified organization other than the Union, will not be accepted by the Controller.  For the purpose of this provision qualified organization means any organization of employees whose responsibility or goal is to represent employees in the City's meet and confer process.

2.     Any employees in this Unit who have authorized Union dues deductions on the effective date of this MOU or at any time subsequent to the effective date of this MOU shall continue to have such dues deductions made by the City during the term of this MOU; provided, however, that any employee in the Unit may terminate such Union dues during the thirty-day period commencing ninety days before the expiration of the MOU by notifying the Union of their termination of Union dues deduction. Such notification shall be by certified mail and should be in the form of a letter containing the following information: employee name, employee number, job

classification, department name and name of Union from which dues deductions are to be cancelled. The Union will provide the City with the appropriate documentation to process these membership dues cancellations within ten (10) business days after the close of the withdrawal period.

*See* Exhibit A, Article 3.2, Agency Shop Fees – Payroll Dues Deductions.

14.    On or about 13 March 2013, Plaintiff Guppy resigned his membership in Defendant Local 45 by an e-mail sent to Local 45.

15.    On or about 22 January 2016, Local 45 Business Manager/Financial Secretary, Elaine Ocasio sent to Plaintiff, on behalf of Local 45 an "attached ***Hudson Notice***," and a copy of the IBEW's separate "2015 Agency Fee Payers Objection Plan." A true and correct copy of said letter and notices is attached hereto and incorporated herein as Exhibits B(1), B(2), and B(3), respectively.  Also enclosed was a quarterly advance rebate check in the amount of $42.27.

16.    Subsequent to Plaintiff's resignation from union membership, the City continued automatically to deduct from Plaintiff's wages, and the Trades Council and/or Local 45 have continued to accept payment by the City of, an amount equal to full union dues.  **As of the filing of this Complaint, the deductions have continued even after the Supreme Court's decision in *Janus*, *supra*.**

17.    Also subsequent to Plaintiff's resignation from union membership, Local 45 has provided to Plaintiff quarterly advance reductions of the fee based upon the calculation contained in Exhibit B(3).

18.    As a nonmember or forced member subject to a forced-unionism provision, Plaintiff is entitled to receive appropriate procedural safeguards to protect his constitutional rights prior to the demand for and/or collection of any fees from him.

19.    Plaintiff did not receive, after his resignation from union membership, and prior to the continued collection of fees equal to full union dues from his wages, adequate notice of his rights and the procedural safeguards which are required by the United States Supreme Court's decision in *Hudson*, *supra*, including but not limited to the following:

a.     The Trades Council and/or Local 45 failed to provide adequate notice or explanation of the amount of the fee, or total union expenditures allocated into understandable, useful chargeable and non-chargeable categories, verified by an independent auditor;

b.     The Trades Council and/or Local 45 failed to provide adequate financial information about the chargeable and nonchargeable expenses of any of its affiliates receiving a portion of the fee;

c.     The Trades Council and/or Local 45 failed to provide an adequate opportunity to object and to challenge the amount of its fee before an impartial decisionmaker; and

d.     The Trades Council and/or Local 45 failed to provide an escrow of all amounts reasonably in dispute pending the outcome of such a challenge.

20.     Said collections of full union dues from Plaintiff's wages after his resignation from union membership, and the Trades Council's and/or Local 45's acceptance of those fees from the City, occurred without the appropriate safeguards and procedural protections that are necessary for the constitutional seizure of fees, to-wit:

a.     The collection of full union dues from Plaintiff's wages, as described above, occurred without the required disclosure of the major categories of the Trades Council and/or Local 45's expenditures, and allocation between chargeable and nonchargeable components, verified by an independent audit; and

b.     The collection of full union dues from Plaintiff's wages, as described above, occurred without the required audit of union expenditures and the allocation between chargeable and nonchargeable categories of expenditures for each and every Trades Council and/or Local 45 affiliate receiving a portion of the fee.

21.     Defendants Trades Council's and/or Local 45's acceptance of full union dues collected from Plaintiff by the City after Plaintiff's resignation from union

membership, under color of state law, without providing adequate notice and procedural protections required under the United States Constitution, violates his rights, privileges, and immunities granted by the First, Fifth, and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983.

22.    Plaintiff objects to the compelled financial subsidization of the activities of Defendants Trades Council and/or Local 45 for any purposes other than collective bargaining, contract administration, and grievance adjustment for the bargaining unit of employees in which he is employed, and/or for any other purposes for which he cannot be compelled to subsidize their collective bargaining representative.

23.    On information and belief, portions of the dues collected by Local 45 have been or will be used by Local 45 and/or its affiliates for purposes that are not "germane" to collective-bargaining activity, not justified by the government's vital policy interest in labor peace and avoiding "free riders," and/or significantly add to the burdening of free speech that is inherent in the allowance of an "agency shop," including, but not limited to:

    a.    lobbying and other political activities that do not concern legislative ratification of, or fiscal appropriations for, the dissenting nonmember's collective-bargaining agreement;

    b.    otherwise chargeable activities that do not ultimately enure to the benefit of the employees in the dissenting nonmember's bargaining unit;

    c.    litigation that does not concern the dissenting nonmember's bargaining unit and union literature reporting on such activities;

    d.    public relations activities; and,

    e.    organizing and membership activities undertaken to protect or strengthen Defendant Trades Council's and/or Local 45's or its affiliates' existing status as exclusive bargaining representatives.

24.    On information and belief, portions of the fee demanded by Defendants Trades Council and/or Local 45 have been and/or will be used by the Trades Council

1  and/or Local 45 and/or their affiliates for purposes which the Trades Council and/or

2  Local 45 cannot prove to be constitutionally chargeable to Plaintiff because the Trades

3  Council and/or Local 45, and/or their affiliates, have failed to maintain

4  contemporaneous business records showing the chargeable or nonchargeable nature of

5  the expenses and/or the time of salaried employees.

### COUNT I — VIOLATION OF FIRST AMENDMENT RIGHT OF FREE SPEECH AND ASSOCIATION

Plaintiff reasserts the foregoing and further alleges:

25.     Plaintiff is entitled to pursue his profession as a public employee without being forced into ideological and political associations which violate his right to freedom of conscience, freedom of association, and freedom of thought. *Janus*, 2018 WL 3129785 *23 ("public-sector agency-shop arrangements violate the First Amendment").

26.     The Meyers-Milias-Brown Act, CAL. GOVT. CODE § 3502.5, imposes a significant impingement on First Amendment rights which cannot be tolerated unless it satisfies exacting First Amendment scrutiny.

27.     The Meyers-Milias-Brown Act, CAL. GOVT. CODE § 3502.5, compels Plaintiff (and other nonmembers in the bargaining unit), to subsidize the Trades Council's and/or Local 45's and/or their affiliates' speech on important political issues including, but not limited to, those involving wages, pensions, and benefits paid to public-sector employees, all matters closely related to the allocation of scarce public resources.

28.     The Meyers-Milias-Brown Act, CAL. GOVT. CODE § 3502.5, unduly burdens the First Amendment speech and associational rights of Plaintiff (and other nonmembers in the bargaining unit) by presenting them with the dilemma of choosing between accepting a union's self-serving and overstated determination of the appropriately chargeable amount, or assuming the heavy burden of challenging the

1  Trades Council's and/or Local 45's calculation of the fee.

2  29.   The Meyers-Milias-Brown Act, CAL. GOVT. CODE § 3502.5, does not

3  serve a compelling state interest that cannot be achieved through means significantly

4  less restrictive of associational freedoms.

5

6  ### COUNT II — VIOLATION OF *HUDSON'S* REQUIREMENTS

7  Plaintiff reasserts the foregoing and further alleges:

8  30.   Even if the Meyers-Milias-Brown Act, CAL. GOVT. CODE § 3502.5, can

9  survive appropriate constitutional scrutiny, Plaintiff is entitled to receive appropriate

10 procedural safeguards to protect his constitutional rights **prior to** the collection of any

11 union dues or portion thereof from them subsequent to his resignations from union

12 membership.

13 31.   Plaintiff never received, prior to Galperin's seizure of agency fees from his

14 wages, "sufficient information to gauge the propriety of the union's fee," nor adequate

15 notice of constitutionally-adequate and appropriate procedural safeguards, which are

16 required by the United States Supreme Court's decision in *Hudson*, *supra*, in any

17 respect, including but not limited to the following:

18 a.   the Trades Council and/or Local 45 failed to provide a

19 constitutionally-adequate notice or explanation of the amount of the agency fee,

20 or total union expenditures allocated into understandable, useful chargeable and

21 non-chargeable categories, verified by an independent auditor in its

22 October/November 2017 notice, Exhibits B(1), (2), and (3) hereto;

23 b.   the Trades Council and/or Local 45 failed to provide any financial

24 information about the chargeable and nonchargeable expenses of itself or its

25 affiliates, or the proportions of union membership dues forwarded by it to each

26 such affiliate, verified by an independent auditor in its October/November 2017

27 notice, Exhibits B(1), (2), and (3) hereto;

28 c.   the Trades Council and/or Local 45 has failed to provide

nonmembers with an opportunity to object and to challenge the amount of their fee before an impartial decisionmaker without the imposition of burdensome and unduly complex procedural requirements; and

      d.    the Trades Council and/or Local 45 failed to provide an adequate advance reduction of the fee to reflect fully that portion expended on nonchargeable activities.

32.    Plaintiff never received, prior to Galperin's seizure of agency fees from his wages, "sufficient information to gauge the propriety of the union's fee," nor adequate notice of constitutionally-adequate and appropriate procedural safeguards, which are required by the United States Supreme Court's decision in *Hudson*, *supra*, in any respect, including but not limited to the following:

      a.    the Trades Council and/or Local 45 failed to provide any financial information about the chargeable and nonchargeable expenses of its affiliates, or the proportions of union membership dues forwarded by it to each such affiliate, verified by an independent auditor in its October/November 2017 notice, Exhibits B(1), (2), and (3) hereto;

      b.    the Trades Council and/or Local 45 has failed to provide nonmembers with an opportunity to object and to challenge the amount of their fee before an impartial decisionmaker without the imposition of burdensome and unduly complex procedural requirements; and

      c.    the Trades Council and/or Local 45 failed to provide an adequate advance reduction of the fee to reflect fully that portion expended on nonchargeable activities.

33.    As a nonmember subject to a forced-unionism requirement (a "potential objector[]," *Hudson*, 475 U.S. at 306), Plaintiff is entitled to receive appropriate procedural safeguards to protect his constitutional rights **prior to** the seizure of any fees from his wages.

34.    Defendant Trades Council's and/or Local 45's acceptance of agency fees

equal to full union dues seized from Plaintiff by Galperin, under color of state law, without providing all of the procedural protections required under the United States Constitution, violates his rights, privileges, and immunities granted by the First, Fifth, and Fourteenth Amendments to the United States Constitution, and violates 42 U.S.C. § 1983.

35.     Plaintiff objects to the compelled financial subsidization of the activities of Defendants Trades Council and/or Local 45 for any purposes other than collective bargaining, contract administration, and grievance adjustment for the bargaining unit of employees in which he is employed, and/or for any other purposes for which he cannot be compelled to subsidize his collective bargaining representative.

36.     On information and belief, portions of the dues collected by Galperin and Trades Council and/or Local 45 have been or will be used by Defendants Trades Council and/or Local 45 and/or their affiliates for purposes that are not "germane" to collective-bargaining activity, not justified by the government's vital policy interest in labor peace and avoiding "free riders," and/or significantly add to the burdening of free speech that is inherent in the allowance of an "agency shop," including, but not limited to:

a.      lobbying and other political activities that do not concern legislative ratification of, or fiscal appropriations for, the dissenting nonmember's collective-bargaining agreement;

b.      otherwise chargeable activities that do not ultimately enure to the benefit of the employees in the dissenting nonmember's bargaining unit;

c.      litigation that does not concern the dissenting nonmember's bargaining unit and union literature reporting on such activities;

d.      public relations activities; and,

e.      organizing and membership activities undertaken to protect or strengthen Defendant Trades Council's and/or Local 45's or their affiliates' existing status as exclusive bargaining representatives.

37.     On information and belief, portions of the fee demanded and collected by Defendants Trades Council and/or Local 45 and Galperin have been and/or will be used by Defendant Trades Council and/or Local 45 and/or their affiliates for purposes which Defendant Trades Council and/or Local 45 cannot prove to be constitutionally chargeable to Plaintiff because Defendants Trades Council and/or Local 45, and/or their affiliates, have failed to maintain contemporaneous business records showing the chargeable or nonchargeable nature of the expenses and/or the time of salaried employees.

38.     The Trades Council's and/or Local 45's "notices," October/November 2017 notice, Exhibits B(1), (2), and (3) hereto, and State law together create a choice architecture that is designed to make it much more difficult for employees who have already rejected union membership to also retain their political and associational autonomy than it is to forfeit their political and associational autonomy to the Trades Council and/or Local 45.  The procedure and statute do this, in part, by setting the nonmembers "default" position as supporting union political and other non-bargaining activities.  More specifically, the Trades Council's and/or Local 45's notice and the statute propel employee choice towards forfeiture of their political and associational rights in the following ways:

        a.      Although the employee is not a union member, the political and other non-bargaining component of the union fees is automatically collected from the employee's pay and will not be returned unless the employee affirmatively objects;

        b.       To get this money back, the employee must individually create a written statement, and then mail that information at the employee's expense within thirty (30) days to Local 45;

        c.      the Trades Council and/or Local 45 do not allow employees to simply sign a shared form or permit a group mailing to make avoidance of subsidizing the Trades Council's and/or Local 45's political, ideological, and

other non-bargaining activities less expensive, onerous, and time consuming.  No less expensive or time-consuming means of avoidance is permitted.  Instead, the Trades Council and/or Local 45 require that the employee utilize an even more expensive and time-consuming method of avoidance, by letter "sent to IBEW Local 45 at the following address and ... postmarked no later than thirty (30) days following your receipt of this notice or no later than November 30th";

e.      the Trades Council's and/or Local 45's "notice" provides no indication as to what portion of the agency fee is nonchargeable, nor any indication as to what portion of the fee is going to the Trades Council's and/or Local 45's affiliate or affiliates, or what portion of each affiliate's fee is spent for political and other non-chargeable expenses, and therefore belongs to the employee;

f.      Nothing in the Trades Council's and/or Local 45's notice provides a list of expenses and dollar amounts for those expenses, and no provision promising such information to an employee to receive such information, and learn whether the Trades Council and/or Local 45 is fair and trustworthy in its claims about the employee's money;

g.      the Trades Council's and/or Local 45's "notice" provides no indication as to what portion of the agency fee is forward to the Trades Council's and/or Local 45's affiliate or affiliates, or even the identify of those affiliates, or what portion of each affiliate's fee is spent for political and other non-chargeable expenses, and therefore belongs to the employee, or financial disclosure verified by an independent auditor for each of those affiliates receiving a portion of the nonmember's fee; and

h.      On the other hand, if the employee desires to give to the Trades Council and/or Local 45 the political and non-bargaining portion of the agency fee, s/he is not required to do anything.

39.      The seizure of agency fees equal to full union dues from Plaintiff's wages,

under color of state law, for the benefit of Defendants Trades Council and/or Local 45, has occurred, and threatens to continue to occur, without the appropriate safeguards and procedural protections that are necessary for the constitutional seizure of agency fees, to-wit:

a. The seizure of dues or fees from Plaintiff's wages, as described above in ¶ 16, has occurred and threatens to continue to occur without the required disclosure of the major categories of the Trades Council's and/or Local 45's expenditures, and allocation between chargeable and nonchargeable components, verified by an independent audit;

b. The seizure of dues or fees from Plaintiff's wages, as described above in ¶ 16, has occurred and threatens to continue to occur without the required audit of union expenditures and the allocation between chargeable and nonchargeable categories of expenditures for each and every of The Trades Council's and/or Local 45's affiliates, including the AFL-CIO;

c. The seizure of dues or fees from Plaintiff's wages, as described above in ¶ 16, has occurred and threatens to continue to occur without the required reasonably prompt opportunity for such employees to challenge the amount of said agency fee without the imposition of burdensome and unduly complex procedural requirements; and

d. The seizure of dues or fees from Plaintiff's wages, as described above in ¶ 16, has occurred and threatens to continue to occur without the required escrow of amounts reasonably in dispute pending challenges to the amount of the fee before an impartial decisionmaker.

39. Plaintiff claims his constitutional rights, as enunciated by the Supreme Court in *Hudson*:

a. to be provided with **all** of the precollection safeguards and procedures that will ensure that none of his wages are either collected or spent for improper purposes; and

   b.    to pay only his *pro rata* share of Defendants Trades Council's and/or Local 45's and their affiliates' costs of collective bargaining, contract administration, and grievance adjustment.

40.    Plaintiff's decision not to join and pay dues to Defendants Trades Council and/or Local 45 and their affiliates is an exercise of his rights to freedom of speech, association, petition, belief, and thought guaranteed against state action by the First, Fifth, and Fourteenth Amendments to the United States Constitution.  The actions of the City Defendants and The Trades Council and/or Local 45, acting in concert to enforce the Meyers-Milias-Brown Act, CAL. GOVT. CODE § 3502.5, compelling Plaintiff to pay union dues and/or agency fees to The Trades Council and/or Local 45 and their affiliates, even for their costs of exclusive representation on behalf of Plaintiff's bargaining unit, infringes upon those fundamental rights.

41.    The First and Fourteenth Amendments to the United States Constitution require that the procedures for the collection of compelled agency fees be carefully tailored to limit the infringement on the fundamental rights of nonunion employees to serve the compelling state interest that justifies such fees in the manner least restrictive of the nonunion employees' freedoms of speech, association, petition, belief, thought, and due process.

42.    Defendants' failure to provide for a constitutionally-adequate notice and objection procedure prior to seizing agency fees equal to full union dues from Plaintiff's wages violates his First, Fifth, and Fourteenth Amendment rights under the United States Constitution and the *Hudson* decision, in that Defendants have seized union dues even though:

   a.    No information is provided regarding the expenditures of the Trades Council and/or Local 45 and/or their affiliates receiving a portion of the fee, nor are those expenditures allocated between chargeable and nonchargeable expenditures in understandable, useful, or functional categories, so as to allow nonmembers to make a reasonable determination as to whether they are being

charged only for those expenses affirmatively related to the MOU between the City and the Trades Council and/or Local 45; and

b.     financial information and a separate, audited analysis of the affiliate-expenditures of each and every affiliate of the Trades Council and/or Local 45 have not been provided.

43.     Defendants have not provided Plaintiff with constitutionally=sufficient, information to gauge the propriety of the Trades Council's and/or Local 45's fee.

44.     Defendants have violated the First, Fifth, and Fourteenth Amendments to the Constitution of the United States in that they have failed to provide to Plaintiff audited financial disclosure of the major categories of union expenditures for Defendants Trades Council and/or Local 45 and each and every affiliate of Defendants Trades Council and/or Local 45, nor audited financial disclosure of the allocation between chargeable and nonchargeable amounts for Defendants Trades Council and/or Local 45 and each and every affiliate of Trades Council and/or Local 45 that receives a portion of the agency fee.

45.     No financial information whatsoever has been provided for Trades Council or for affiliates of Defendants Trades Council and/or Local 45 receiving a portion of the nonmembers' fee.

46.     Defendants have failed to give an adequate explanation of the basis for the fee, to-wit, an explanation of the major categories of union expenditures, allocated between chargeable and nonchargeable components, and verified by an independent auditor.

### V.  CLAIM FOR RELIEF

### (Violation of 42 U.S.C. § 1983 and
### the Constitution of the United States)

Plaintiff reasserts the foregoing and further alleges:

47.     To the extent that the statute governing Plaintiff's employment  imposes a

forced-unionism requirement, the Meyers-Milias-Brown Act, CAL. GOVT. CODE § 3502.5, it is unconstitutional.  *Janus*, 2018 WL 3129785 *23 ("public-sector agency-shop arrangements violate the First Amendment").

48.  Even prior to *Janus*, the limits upon the State's power to impose a forced-unionism requirement was constitutionally limited to the extent that it permits an "agency shop."  As determined by the United States Supreme Court, the State's compelling interest in permitting a union and employer to require all employees subject to a monopoly bargaining agreement to pay their *pro rata* share of the union's costs in meeting its obligations as the exclusive bargaining representative is limited to that *pro rata* share.

49.  There is no compelling state interest for government to require union members to pay for the union's political, ideological, and other nonbargaining activities.

50.  On its face and/or as applied, the Meyers-Milias-Brown Act, CAL. GOVT. CODE § 3502.5, and the "Agency Shop Fees – Payroll Dues Deductions" provisions of the Agreements between Defendants Trades Council and/or Local 45 and the City permit the Trades Council and/or Local 45 to use the monies exacted from Plaintiff and other objecting members for political, ideological, and other nonbargaining causes and are, therefore, unconstitutional in that they both create a chilling effect and work a prior restraint upon Plaintiff's exercise of his rights to association, self-organization, assembly, and petition, and freedoms of speech, thought, and conscience, as guaranteed by the First, Fifth, and Fourteenth Amendments to the Constitution of the United States.

51.  As a result of Defendants' unlawful actions described in paragraphs 12-17, Plaintiff:

a.  has been prevented from exercising his rights and privileges as a citizen of the United States not to pay dues for any political, ideological, and nonbargaining activity absent "clear and compelling" evidence of his consent to do so, *Janus*, 2018 WL 3129785 *31;

b.     has been deprived of his civil rights guaranteed to him under the statutes of the United States; and

c.     has suffered monetary damages in the amount collected from him, or alternatively, for that amount of dues spent on political, ideological, and nonbargaining activities to which he objects.

51.     If not enjoined, Defendants and their agents will continue the aforesaid deprivation and abridgement of Plaintiff's constitutional rights, thereby causing irreparable harm, damage, and injury to Plaintiff for which there is no adequate remedy at law.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A.     **Declaratory:** A judgment based upon the actual, current, and *bona fide* controversy between the parties as to the legal relations among them, pursuant to 28 U.S.C. § 2201 and Rule 57, FED.R.CIV.P., declaring:

1.     that the Meyers-Milias-Brown Act, CAL. GOVT. CODE § 3502.5, and/or the "Agency Shop Fees – Payroll Dues Deductions" agreement, Exhibit A, Article 2.8, between Defendants Trades Council and/or Local 45 and the City, on their face and/or as applied, unconstitutionally abridge the Plaintiff's rights under the First, Fifth, and Fourteenth Amendments to the Constitution of the United States; and

2.     that the First and Fourteenth Amendments prevent the Defendants from requiring nonmembers to pay for any of the Trades Council's and/or Local 45's activities.

B.     **Injunctive:** A permanent injunction:

1.     enjoining Defendants, their officers, employees, agents, attorneys, and all other persons in active concert with them, from:

a.     engaging in any of the activities listed in Part A above which

the Court declares illegal; and

        b.    enforcing the "Agency Shop Fees – Payroll Dues Deductions" agreement, Exhibit A, Article 2.8, between Defendants Trades Council and/or Local 45 and the City, and any other agreement or understanding which requires Plaintiff to pay for the activities of the Trades Council and/or Local 45 and/or their affiliates.

    2.    requiring Defendants, their officers, employees, agents, attorneys, and all other persons in active concert with them, to:

        a.    expunge the "Agency Shop Fees – Payroll Dues Deductions" article, Article 2.8. from the Agreement between Defendants Trades Council and/or Local 45 and the City; and

        b.    refund to Plaintiff all union dues deducted from his wages after his resignation from union membership in February 2016.

    C.    **Monetary:** A judgment awarding Plaintiff compensatory damages for the injuries sustained as a result of Defendants' unlawful interference with and deprivation of his constitutional and civil rights including, but not limited to, all dues deducted from his wages after February 2016 (minus any monies already refunded), and such amounts as principles of justice and compensation warrant, including nominal damages.

    D.    **Attorneys' Fees and Costs:** A judgment awarding Plaintiff's costs, including reasonable attorneys' fees under 42 U.S.C. § 1988; and

////

////

////

////

////

////

////

////

1          E.      **Other:** Such other and further relief as the Court may deem just and

2  proper.

3  DATED: 2 August 2018

4                            Respectfully submitted,

5                            /s/ Gunnar Gundersen

6                            GUNNAR GUNDERSEN, Esq.

7                            California Bar No. 257350
Gundersen and Gundersen, LLP
5000 Birch Street, West Tower, Suite 3000

8                            Newport Beach, California  92660
(949) 467-9299

9                            E-MAIL —  gunnar.gundersen@gundersen-law.com

10                          /s/ W. James Young

11                          W. JAMES YOUNG, Esq.[*]
BYRON S. ANDRUS, Esq.[*]

12                          c/o National Right to Work Legal
          Defense Foundation, Inc.

13                          8001 Braddock Road, Suite 600
Springfield, Virginia  22160

14                          (703) 321-8510

15                          ATTORNEYS FOR PLAINTIFF

16

17

18

19

20

21

22

23

24

25

26

27

---

28    [*] Pending *pro hac vice* admission.